UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BARBOSA,<br><br>    Plaintiff,<br><br>    v.<br><br>NKIRUKA NDU, et al.,<br><br>    Defendants. | No. 1:21-cv-00251-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Docs. 26, 30 |

    Plaintiff Jeffrey Barbosa is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On October 14, 2022, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment be granted. Doc. 30.  Specifically, the magistrate judge found that there was no genuine dispute of material fact as to the finding that (1) defendants acted promptly in seeking authorization for care for plaintiff's eye condition and (2) any delay in the scheduling of plaintiff's surgery was due to the Covid-19 pandemic, rather than any deliberate indifference by defendants.  *See generally id.* The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days of service.  *Id.* at 13.  Plaintiff

1  filed objections on November 3, 2022, and Defendants filed a reply on November 4, 2022.
2  Docs. 31, 32.

3      In his objections, plaintiff argues there are at least two material disputes concerning
4  defendants' care. Doc. 31. Plaintiff argues defendants failed to provide him a "Vision Impaired
5  Vest" and failed to transfer his bunk assignment to the bottom bunk. *Id*. at 5. Plaintiff also
6  argues that defendants failed to "request referral properly by not deeming [his] condition
7  serious," and he provides a declaration by another inmate stating that that inmate was able to
8  have cataract surgery in February 2020 despite the Covid-19 pandemic. *Id.* at 5, 21–22. The
9  assertions and attached declarations were not included in plaintiff's complaint nor his
10 opposition to defendants' motion for summary judgment.

11     Even if the Court were to consider plaintiff's assertions and evidence raised for the first
12 time in his objections, they are unpersuasive. Plaintiff does not provide any evidence that
13 defendants' alleged failure to transfer his bunk assignment and provide him a "Vision Impaired
14 Vest" resulted in any harm. *See Wood v. Houseright*, 900 F.2d 1332, 1335 (9th Cir. 1990)
15 (holding that a delay in treatment must cause substantial harm to constitute an Eighth
16 Amendment violation). And evidence regarding medical practices in February 2020 is
17 irrelevant as CDCR did not implement Covid-19 policies until at the earliest, March 4, 2020,
18 when Covid-19 was declared an emergency. Doc. 32 at 6. Moreover, as the magistrate judge
19 found, the undisputed evidence shows that any treatment delays were not caused by defendants
20 and were, instead, due to Covid-19 conditions affecting the outside medical care providers.

21     In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court conducted a de
22 novo review of this case. Having carefully reviewed the file, including plaintiff's objections
23 and defendant's reply, the Court concludes that the findings and recommendations are
24 supported by the record and proper analysis.

25 ///
26 ///
27 ///
28 ///

Accordingly,

1. The findings and recommendations issued on October 14, 2022, Doc. 30, are ADOPTED in full;
2. Defendants' motion for summary judgment, Doc. 26, is GRANTED; and
3. The Clerk of Court shall enter judgment in favor of defendants and CLOSE this case.

IT IS SO ORDERED.

Dated:   August 24, 2025

UNITED STATES DISTRICT JUDGE

3